# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| LARRY DONELL WHALEY. | |
| Plaintiff, | No. C17-3077-LRR |
| vs. | **ORDER** |
| CERRO GORDO COUNTY JAIL, DOUGLAS HAMMERAND, and STATE OF IOWA, | |
| Defendants. | |

This matter is before the court pursuant to defendants' motions to dismiss (docket nos. 7 and 8).

Plaintiff Larry Whaley filed this 42 U.S.C. § 1983 case on September 25, 2017. In his complaint, he alleged racial discrimination, improper prosecution and that he had been refused medical care. (*See* docket no. 1 at 4). On March 7, 2018, the court denied his motion to appoint counsel, but directed the clerk's office to serve the complaint via certified mail.[1] On April 9, 2018, defendants Douglas Hammerand and State of Iowa filed a Federal Rule of Civil Procedure 12(b) motion to dismiss (docket no. 7). On April 11, 2018, defendant Cerro Gordo County Jail also filed a Federal Rule of Civil Procedure 12(b) motion to dismiss (docket no. 8). Whaley did not file a resistance, and his time to do so ended in April. *See* Local Rule 7(e).

In their motion, defendants State of Iowa and Douglas Hammerand argue that Whaley's claim against the State of Iowa fails as matter of law pursuant to *Will v.*

---

[1] Plaintiff paid the filing fee and did not apply to proceed in forma pauperis.

*Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). They also argue that Whaley failed to make any specific allegations against Douglas Hammerand, and even if Whaley had made an allegation, Hammerand is entitled to prosecutorial immunity. Defendant Cerro Gordo County Jail argues Whaley's claims are too vague, and, alternately, he failed to exhaust his administrative remedies.

Defendants' motions must be granted for a number of reasons. First, Whaley has failed to file a resistance. Accordingly, dismissal is appropriate pursuant to Local Rule 7(f).[2] Additionally, each defendant makes at least one dispositive argument. Whaley's claim against the State of Iowa fails because the State of Iowa is not a person within the meaning of 42 U.S.C. § 1983. *See Will*, 491 U.S. at 66. Accordingly, the State of Iowa must be dismissed from the case. Defendant Hammerand is correct that nothing in Whaley's complaint or supplement makes any allegation against him. Accordingly, Hammerand's motion must be granted. Finally, there is no evidence that Whaley exhausted his administrative remedies as to his claims against the Cerro Gordo County Jail.[3] Accordingly, Cerro Gordo County Jail must be dismissed from this case pursuant to 42 U.S.C. § 1997e(a), which states:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

---

[2] The court notes that in at least one prior case, the Eighth Circuit Court of Appeals has refused to allow a dismissal based solely on the Northern District of Iowa's Local Rule 7. *See Maxwell v. Linn Cty. Corr. Ctr.*, 310 F. App'x 49, 49 (8th Cir. 2009). However, in that case, the plaintiff filed a resistance, it was simply late. (*See* C07-0018-LRR, docket nos. 15, 19, 21 and 26). The present case is distinguishable as Whaley's time to file a resistance expired more than six months ago and he has failed to contact the court in any way during that period.

[3] In fact, Whaley admitted in his complaint he failed to follow the grievance procedure. (docket no. 1 at 2).

Accordingly, defendants' motions to dismiss (docket nos. 7 and 8) are **granted** and this case is dismissed.

**IT IS SO ORDERED**.

**DATED** this 12th day of December, 2018.

_____
LINDA R. READE, JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA